UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COURTNEY GREEN, | : | Civil Action No. |
| Plaintiff, | : | 3:19-cv-410 (CSH) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, ROLLIN COOK, | : | |
| CARLETON GILES, RICHARD | : | |
| SPARACO, OTERO, | : | **JUNE 4, 2019** |
| Defendants. | : | |

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. 8]

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

*Pro se* plaintiff Courtney Green, currently incarcerated at Osborn Correctional Institution ("Osborn") in Somers, Connecticut, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants denied him equal protection of the laws by treating him differently from another inmate convicted of the same offense at a different time with regard to applying earned credits to advance his parole eligibility date. On May 7, 2019, pursuant to its screening duty under 28 U.S.C. § 1915A, the Court filed an "Initial Review Order" (herein "IRO"), which dismissed the case because Green failed to state a cognizable equal protection claim. *See Green v. Semple*, No. 3:19-CV-410 (CSH), 2019 WL 2016779, at *8 (D. Conn. May 7, 2019). Green responded by filing a motion for reconsideration of his case's dismissal. Doc. 8. The Court resolves that motion herein.

1

## II. DISCUSSION

### A. Standard for Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

As the Second Circuit explained, reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, . . . or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). *See also Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) ("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.") (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)).

This District's Local Civil Rule 7 comports with the Supreme Court's holding in *Shrader*, and Second Circuit precedent. Rule 7(c)(1) thus states:

> Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

D. Conn. L. Civ. R. 7(c)(1).

**B. Green's Motion**

At the outset, the Court notes that Green's motion for reconsideration is procedurally deficient for two reasons. First, it was filed more than "seven (7) days [after] the filing of the decision" from which Green seeks relief. D. Conn. L. Civ. R. 7(c)(1). The IRO was filed on May 7, 2019, and Green's motion for reconsideration was filed on May 20, 2019. In addition, the motion was not "accompanied by a memorandum setting forth concisely the controlling decisions or data [he] believes the Court overlooked." *Id.* The motion thus fails by virtue of its non-compliance with Local Civil Rule 7(c).

Nonetheless, and alternatively, were the Court to extend leniency to Green as an incarcerated *pro se* plaintiff, the motion must still be denied on its substance.[1] In seeking reconsideration, Green argues that he has stated a viable equal protection claim in his complaint because he alleges that he was "treated differently from those whom [sic] are similarly situated as him without any legitimate state objective by the government." Doc. 8, ¶¶ 1-2. He asserts his belief that "the court may have overlooked" this claim. *Id.*, ¶ 3. He also asks the Court to reconsider its order of dismissal and to allow him to amend his complaint.[2] *Id.*, ¶ 8. Green, however, cites no controlling decisions and provides no factual allegations that the Court

---

[1] For example, leniency on timing may be in order because Plaintiff is an inmate who must receive the Court's filings by mail, which may engender delay. Moreover, as a *pro se* litigant, he may have misconstrued Rule 7 to allow the insertion of legal arguments in the motion itself instead of requiring such arguments to be filed in a separate memorandum.

[2] Plaintiff provides no facts or law with respect to his broad request to amend. *See* note 3, *infra*.

3

overlooked in analyzing his claim. He simply seeks to renew his claim because he disagrees with the Court's dismissal of his action. In the absence of any substantive basis for the Court to reconsider its IRO ruling, Green's motion for reconsideration [Doc. 8] will be denied.

Because Green is *pro se*, the Court reiterates, in brief, that under the facts presented, he cannot state a plausible equal protection claim because there has been no unlawful, disparate application of Conn. Gen. Stat. § 54-125a(b) to him in light of the date he committed his offense, July 19, 2008. That date occurred *before* the Connecticut legislature amended Conn. Gen. Stat. § 54-125a(b) to allow RREC to be applied to advance an inmate's parole eligibility date. Therefore, at the time Plaintiff committed his offense, he could not have expected to receive such a benefit. Three years after Plaintiff's offense date, the Connecticut legislature granted that benefit, which Plaintiff received for two years (*i.e.,* until the legislature eliminated it in 2013). Following the 2013 amendment to § 54-125a(b), Green was no longer eligible to have RREC apply to advance his parole eligibility date. There is no *ex post facto* prohibition against the elimination of a benefit that did not exist at the time an inmate's conduct exposed him to punishment, the date he committed his offense.

In sum, Green's "crime was not committed between 2011 and 2013, during the two-year window in which the benefit of the RREC application to parole eligibility dates was in effect, so he has no right to protection from the 2013 amendment as an *ex post facto* law." *Green*, 2019 WL 2016779, at *5. "The Connecticut Appellate Court has explicitly held that the 2013 amendment to Conn. Gen. Stat. § 54–125a (b) does not violate an inmate's constitutional protection against *ex post facto* penal legislation where both the 2011 revision (granting application of RREC to an inmate's parole eligibility date) and the 2013 amendment (removing said application) occurred

4

*after* the inmate's criminal behavior." *Id*. (emphasis in original) (citing *Petaway v. Comm'r of Correction*, 160 Conn. App. 727, 732 (2015)).

In contrast, inmates like Johnny Johnson (inmate # 161684 at Osborn), Green's alleged comparator, have continued to have RREC applied to advance their parole eligibility dates because *their offenses occurred between the 2011 and 2013 amendment dates.* At the time Johnson committed his offense on May 7, 2012, the benefit of RREC application to parole eligibility was in effect. As this Court explained in the IRO, "[t]he May 2012 date of Johnson's crime thus falls between the 2011 and the 2013 amendments to Conn. Gen. Stat. § 54-125a (b), giving Johnson a cognizable claim that his constitutional protection from *ex post facto* penal legislation would be violated by the 2013 amendment if he were not afforded the application of his RREC to his parole eligibility date." *Id.*, at *6. Pursuant to *Petaway*, there is a valid legal reason for the state to treat violent offenders whose crimes were committed between July 1, 2011, and July 1, 2013, differently from Green based on his offense date.

### III. CONCLUSION

Green has received no unequal treatment with respect to any "similarly situated" individual (an inmate who committed his offense before July 1, 2011, the date of the 2011 amendment to Conn. Gen. Stat. § 54-125a(b)). Rather, he has been treated in conformance with Connecticut state law given the date of his offense. His asserted comparator, Johnson, who committed his offense *between the amendment dates* of July 1, 2011, and July 1, 2013, is not "similarly situated" for purposes of application of the law because taking away Johnson's opportunity to accrue RREC for parole eligibility purposes would violate his constitutional protection against *ex post facto* penal legislation. Johnson committed his offense *after* the benefit of RREC application to parole

eligibility dates went into effect and before it was repealed. That benefit was bestowed by a law bearing on punishment on his offense date.

The Court is sympathetic that Green, a *pro se* litigant, may have difficulty comprehending a legal concept like constitutional protection from *ex post facto* legislation. However, as one who has filed numerous actions with the Court, Green is aware he must review rulings closely to grasp the points of law which apply to the facts presented. The Court conducted a thorough analysis of Green's complaint and concluded that he has not and cannot state a plausible equal protection claim under the facts of his case. Green's "Motion for Reconsideration" [Doc. 8] is DENIED. The case remains DISMISSED.[3]

It is SO ORDERED.

Signed: New Haven, Connecticut
June 4, 2019

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[3] The Court explained in the IRO that, in exercising leniency, it often dismisses non-plausible claims of *pro se* litigants without prejudice to allow amendment of the complaint. However, in the present case, the facts presented leave no possibility that Green can make out a plausible equal protection claim. With respect to offense date, the prison official Defendants simply applied Connecticut statutory law as dictated by the state legislature and interpreted by the Connecticut Appellate Court.